IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> KINDEST CARE HEALTHCARE, LLC, DAYO AMON, and BOLANLE AMON <br><br> Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin KINDEST CARE HEALTHCARE, LLC., a limited liability company, DAYO AMON, an individual, and BOLANLE AMON, an individual, (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant KINDEST CARE HEALTHCARE, LLC ("KINDEST CARE"), is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 8400 Bustleton Avenue, Suite 2, Philadelphia PA 19152. KINDEST

CARE is engaged in the operation of a home healthcare business located at 8400 Bustleton Avenue, Suite 2 Philadelphia PA 19152, within the jurisdiction of this court.

3. Defendant DAYO AMON is an owner of KINDEST CARE. During the relevant period, DAYO AMON was actively involved in the daily operations of the firm and oversees KINDEST CARE's operations. DAYO AMON was responsible for setting employees' schedules and rates of pay.

4. Defendant BOLANLE AMON is an owner of KINDEST CARE. During the relevant period, BOLANLE AMON was actively involved in the daily operations of the firm and oversees KINDEST CARE's operations. BOLANLE AMON was responsible for setting employees' schedules and rates of pay.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose of providing domestic services and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants employ persons in domestic service, which affects commerce per Section 2(a)(5) of the Act. Defendants' employees, among other things, provide in-home healthcare services to KINDEST CARE's patient-clients. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without

compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

8. For example, during the time period from at least July 24, 2016 through at least July 20, 2019, KINDEST CARE failed to compensate employees who worked over 40 hours in a workweek one and one-half times their regular rate for those overtime hours. At least seventy-eight (78) employees at KINDEST CARE worked in excess of 40 hours in many workweeks but did not receive time and one-half their regular rate for their overtime hours due to payment of straight time for hours worked over 40 in a workweek. Defendants were aware of their obligation to compensate employees who worked over 40 hours in a workweek one and one-half times their regular rate for those overtime hours. Yet, in 2016, Defendants stopped compensating many employees who worked over 40 hours in a workweek one and one-half times their regular rate for those overtime hours.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Defendants failed to make, keep, and preserve records containing employees' total premium pay for overtime hours. 29 C.F.R. §§ 516.2(a)(9).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7 , 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of July 24, 2016 through July 20, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after July 20, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

/s/ Ethan M. Dennis
_____

By: Ethan M. Dennis
PA ID# 308871
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5142 (Phone)
(215) 861-5162 (Fax)
Dennis.Ethan.M@dol.gov


U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

## SCHEDULE A

| | |
|---|---|
| Eunice | Acquah |
| Phyllis | Adams |
| Adebisis | Adeyemi |
| Jacqueline | Allison |
| Daliat | Anifowoshe |
| Silvie | Asong |
| Absatou | Bah |
| Erica | Ballard |
| Gionna | Banks |
| Bisi R | Baruwa |
| Shaquetta | Bunch |
| Shawmoreriea | Butler |
| Brahin | Carter |
| Natasha | Carter |
| Frank | Chukwu |
| Robert | Cook Jr |
| Sylvia | Damestoit |
| Leroy | Darby |
| Lisa | Darby |
| Licia | Darby |
| Nicole | Davis |
| Oyesola A | Diya |
| Oyefolake | Diya-Ajao |
| Patrice | Douglas |
| Ayanna | Duncan |
| Marcia | Exum |
| Deborah | Flowers |
| Vivian | Frimpong |
| Sekinatu | Gazali-Shittu |
| Jasmine | Glasgo |
| Mildred | Graham |
| Michael | Grasty |
| Reginald | Griffin |
| Tamira | Hawkins |
| Beatrice | Hutchinson |
| Amirah | Islam |
| Eugene | Jenkins |
| Crystal | Jones |
| Jacqueline | Jones |

| | |
|---|---|
| Karen | Jones |
| Ted | Keener |
| Carletha | Keir |
| Fatima | Lawus |
| Dorothy | Long |
| Romeo | Lopaz |
| Gina | Louinord |
| Barbara | Mack |
| Ericka | Martin |
| Leila | McCrea |
| Rakeen | McCrea |
| Jazsmin | Mixson |
| Lorpu | Mulbah |
| Marketa | Murray |
| Divine | Ngufor |
| Mojisola A | Otolorin |
| Angela | Owens |
| Joseph | Pauls |
| Keneidra | Purnell |
| Lissie | Rhem |
| Marangely | Ritzo |
| Wandra | Rountree |
| Rakia | Rountree |
| Blanche | Ruffin |
| Clarence A | Shands |
| Sabrina | Small |
| Destiny | Somerville |
| James | Stevenson |
| Alketa | Struga |
| Donna | Stutts |
| Sharon | Thomas |
| Faith | Trader |
| Sabrina | Valentine |
| Barbara | Walters |
| Latanya | Watson |
| Joyce | Williams |
| Donna | Williams |
| Takora | Williams |
| Tanita | Williams |